10-4443-ag
Chen v. Holder

BIA
Schoppert, IJ
A077 977 768

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of April, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

LEN MEI CHEN, AKA NEN MEI CHEN,
> *Petitioner,*

v.                                         10-4443-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl H. McIntyre, Jr.,
                       Assistant Director; Regina Byrd,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Len Mei Chen, a native and citizen of the People's Republic of China, seeks review of an October 13, 2010, order of the BIA affirming the May 6, 2009, decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Len Mei Chen*, No. A077 977 768 (B.I.A. Oct. 13, 2010), *aff'g* No. A077 977 768 (Immig. Ct. N.Y. City May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, and have assumed Chen's credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Chen does not challenge the agency's denial of CAT relief, we consider only whether the agency erred in determining that Chen failed to establish her eligibility for asylum and withholding of

2

removal.

The BIA assumed Chen's credibility, but found that she had not demonstrated an objectively reasonable possibility that she would suffer persecution on account of her practice of Falun Gong in China, because the evidence Chen submitted to show that the Chinese government was aware of her practice — a village committee notice and a sworn affidavit from her father — were entitled to minimal weight; and the village committee notice did not specify the penalties to which Chen would be subject based on her practice of Falun Gong, and was thus insufficient to establish that any harm she might suffer would rise to the level of persecution.

Chen argues that the BIA erred in declining to accord probative weight to the village committee notice and the affidavit from her father. However, the weight afforded to an alien's evidence in immigration proceedings lies largely within the discretion of the agency. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). As the only objective evidence Chen submitted relevant to her Falun Gong claim was the 2007 State Department Report on China, the BIA did not err in finding she did not meet her burden of showing an objectively reasonable fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135,

3

143 (2d Cir. 2008); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).  Moreover, the BIA evaluated the village committee notice and reasonably found that although it stated that the Chinese government knew of Chen's Falun Gong practice, it did not specify what, if any, penalties she would face as a result of that practice.  As a result, it did not demonstrate that Chen would face any harm rising to the level of persecution.  *See Jian Hui Shao*, 546 F.3d at 172; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Chen also argues that the BIA erred by finding that there was not a pattern or practice of persecution of Falun Gong practitioners in China.  *See* 8 C.F.R. § 208.16(b)(2)(i) (providing that an applicant shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

The BIA found that individuals similarly situated to Chen would, in this case, be Falun Gong practitioners generally, and concluded that while record evidence showed that the Chinese government had "subjected some Falun Gong practitioners to criminal, administrative, and

4

extra-judicial punishments," the evidence did not demonstrate "systemic or pervasive persecution" rising to the level of a pattern or practice. The BIA's conclusion is supported by the 2007 State Department Report on China — the only relevant evidence in the record of country conditions for Falun Gong practitioners — which provides that the level of repression of Falun Gong practitioners varies significantly from region to region, and only some practitioners are subject to punishment. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk